# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE EHLERT,<br><br>    Plaintiff<br><br>    V.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, WILLIS TOWERS WATSON, TOWERS WATSON, THE TOWERS WATSON HEALTH AND WELFARE BENEFITS PLAN, THE TOWERS WATSON PENSION PLAN FOR U.S. EMPLOYEES, AND THE WILLIS TOWERS WATSON SAVINGS PLAN FOR U.S. EMPLOYEES,<br><br>    Defendants | CIVIL ACTION NO. 18-10357-MPK |

## COMPLAINT

1.    Plaintiff, Anne Ehlert ("Ms. Ehlert"), brings this action against the Defendants, Metropolitan Life Insurance Company ("MetLife"), Willis Towers Watson, Towers Watson (collectively referred to as "Towers"), the Towers Watson Health and Welfare Benefits Plan ("LTD Plan"), The Towers Watson Pension Plan for U.S. Employees, and the Willis Towers Watson Savings Plan for U.S. Employees (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq*. ("ERISA"). Ms. Ehlert is a participant in a long-term disability ("LTD") plan insured by MetLife and administered by Towers.

1

2.      Ms. Ehlert is filing this action to: 1) recover LTD benefits due to her under the terms of the Plan; 2) recover her Employee Benefits (as defined below) from Towers to which she is entitled as an individual entitled to short-term disability ("STD") and LTD benefits under the terms of the Plan; 3) enforce the present rights existing under the Plan; 4) clarify rights under the terms of the Plan; and 5) recover damages, interest, costs and attorney's fees.

3.      Ms. Ehlert challenges the Defendants': 1) unreasonable and unlawful denial of Ms. Ehlert's LTD benefits and Employee Benefits despite the substantial medical and vocational evidence demonstrating Ms. Ehlert's qualification for LTD benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Ms. Ehlert's disability in an effort to limit MetLife's financial exposure for Ms. Ehlert's claim; 3) failure to provide Ms. Ehlert with a full and fair review of her claims for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield an impartial decision on the merits of Ms. Ehlert's LTD claim.

## PARTIES

4.      Ms. Ehlert is a resident of Arlington, Massachusetts. Ms. Ehlert is a vested participant in Defendants' employee benefit plans, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. Ehlert has standing to bring this action under 29 U.S.C. § 1132(a).

5.      The defendant, Metropolitan Life Insurance Company, is a for-profit corporation with its principal place of business in New York, New York. MetLife transacts business in Massachusetts and insures and is the party responsible for processing claims made under the Plan and making a final determination as to Ms. Ehlert's eligibility for benefits.

6.      The defendant, Willis Towers Watson, is a for-profit corporation with its principal place of business in New York, New York. Towers Watson was Ms. Ehlert's employer. Towers

Watson is responsible for continuing Ms. Ehlert's Employee Benefits for as long as she is deemed disabled under the terms of the Plan.

7.    The defendant, Towers Watson, is a for-profit corporation with its principal place of business in New York, New York. Towers Watson was Ms. Ehlert's employer. Towers Watson is responsible for continuing Ms. Ehlert's Employee Benefits for as long as she is deemed disabled under the terms of the Plan.

8.    At all times, relevant to the claims asserted in this Complaint, Defendants MetLife and Towers purported to act as ERISA claims fiduciaries with respect to participants of the Plan generally, and specifically with respect to Ms. Ehlert, within the meaning of ERISA.

9.    The Plan under which Ms. Ehlert is suing is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1).

10.   The Towers Watson Pension Plan for U.S. Employees, is an "employee pension benefit plan" as defined by ERISA, 29 U.S.C. §1002(2).

11.   The Willis Towers Watson Savings Plan for U.S. Employees, is an "employee pension benefit plan" an as defined by ERISA, 29 U.S.C. §1002(2).

## STATEMENT OF FACTS

**Relevant Plan Terms.**

12.   As an employee of Towers, Ms. Ehlert was eligible for LTD coverage under Towers' contract of insurance with MetLife.

13.   The LTD Plan provision defining disability states:

Disabled means that due to sickness, or as a direct result of accidental injury, you are receiving appropriate care and treatment and that you are complying with the requirements of such treatment and that you are:

- Unable to earn more than 80% of your pre-disability earnings at your own occupation for any employer in your local economy after a 26 week

3

elimination period and during the 24 months of sickness or accidental injury, and

- After such period, that you are unable to earn more than 60% of your pre-disability earnings from any employer in your local economy at any gainful occupation for which you are reasonably qualified taking into account your training, prior education and experience.

14. Should Ms. Ehlert be deemed disabled under the terms of the Plan, she would be entitled to maintain her employment and to the continuation of her employee welfare and pension benefits at Towers, including without limitation, life insurance, health insurance, dental insurance, 401(k) contributions and accruals under Towers' defined benefit pension plan (collectively referred to as "Employee Benefits").

15. Neither the Plan, Towers, nor MetLife has any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

16. Ms. Ehlert has met her burden of proving that she meets the Plan standard for disability and is therefore eligible for LTD benefits under the terms of the Plan as well as her Employee Benefits from Towers.

17. The Plan does not confer discretion on MetLife or Towers to determine eligibility for LTD benefits or to interpret the terms of the Plan.

**Ms. Ehlert's Claim for STD Benefits.**

18. Ms. Ehlert's last day of work at Towers was December 23, 2015, due to symptoms and limitations she suffered as a result of her combined medical conditions.

19. Ms. Ehlert ceased working because her medical condition resulted in symptoms that functionally limited her ability to perform on a full- or part-time basis, the duties of her own or any occupation.

20. On January 8, 2016, MetLife denied Ms. Ehlert's claim for STD benefits,

21.     In or about April 2016, Ms. Ehlert appealed MetLife's denial of her claim for STD benefits.

22.     On June 22, 2016, MetLife upheld its denial of Ms. Ehlert's claim for STD benefits.

23.     MetLife's assertion that Ms. Ehlert was not disabled and therefore not entitled to STD benefits was unreasonable and unsupported by the substantial evidence in MetLife's possession.

**Ms. Ehlert's Claim for LTD Benefits.**

24.     On or about August 17, 2016, Ms. Ehlert applied for LTD benefits from MetLife with the full support of her treating and examining physicians.

25.     With her application for LTD benefits, Ms. Ehlert submitted an independent functional capacity evaluation demonstrating she suffered from a functional impairment, which limited her ability to perform on a full- or part-time basis, the duties of her own or any occupation.

26.     Ms. Ehlert also submitted an independent medical examination from a Harvard physician employed by Spaulding Rehabilitation Hospital, Dr. Walter Panis, concluding Ms. Ehlert was functionally impaired from sustaining full- or part-time work.

27.     On November 21, 2016, MetLife denied Ms. Ehlert's claim for LTD benefits based solely upon paper reviews performed by physicians who neither met nor examined Ms. Ehlert.

28.     MetLife's assertion that Ms. Ehlert was not disabled under the terms of the Plan was unreasonable and unsupported by the substantial evidence in MetLife's possession.

29.     On or about May 9, 2017, Ms. Ehlert appealed MetLife's denial of her claim for LTD benefits, with the full support of her treating and examining physicians.

30.     Ms. Ehlert included with her appeal, independent testing, which objectively verified the severity of Ms. Ehlert's limitations as well as an independent vocational report, which

5

concluded Ms. Ehlert's symptoms and resulting functional limitations precluded her from performing the duties of any occupation.

31.   In addition, Ms. Ehlert submitted the June 26, 2017 Social Security Administration's ("SSA") decision to approve her claim for Social Security Disability Insurance ("SSDI") benefits effective June 2016, with a December 2015 date of disability. Ms. Ehlert's benefits were effective June 2016, after the SSA's five month waiting period.

32.   The SSA's decision to approve Ms. Ehlert's claim for benefits was based on the same information in MetLife's possession at the time it was reviewing Ms. Ehlert's claim for STD and LTD benefits.

33.   On November 9, 2017, MetLife upheld its denial of Ms. Ehlert's claim for LTD benefits based on paper reviews conducted by Drs. John Brusch and Vishal Didwania.

34.   MetLife concluded, on the basis of Dr. Brusch's review, that there was no clinical evidence to support Ms. Ehlert's restrictions and limitations.

35.   Without fully reviewing or engaging with Ms. Ehlert's medical records, the independent medical examination, independent functional capacity testing, independent neuropsychological testing, independent vocational testing, and the documented  clinical findings by Ms. Ehlert's expert treating physicians and well as their observations of her impairments and restrictions, MetLife nevertheless concluded that Ms. Ehlert did not suffer from any restrictions and limitations that would preclude her from working in her occupation.

36.   MetLife's conclusion was based on an asserted absence of information regarding Ms. Ehlert's inability to work and lack of objective evidence, though the Plan does not contain a requirement that Ms. Ehlert prove the existence of her disability through objective

evidence and in fact, Ms. Ehlert provided several forms of objective testing supporting her disability.

37.  MetLife never requested that Ms. Ehlert undergo an in-person evaluation by an independent physician even though the Plan provides MetLife with this right, and despite the fact that Ms. Ehlert's medical condition is best evaluated in person, rather than by a review of medical records.

38.  MetLife never conducted a reasonable vocational assessment as is required by the Plan, to determine whether Ms. Ehlert's limitations, as outlined by the medical evidence, would allow her to perform the duties of her occupation.

39.  As a result of the denial of her claims for STD and LTD benefits, Towers terminated Ms. Ehlert's employment as well as her Employee Benefits.

40.  Towers did not conduct an independent review to determine whether MetLife's decision to deny Ms. Ehlert's STD and LTD claims were correct, or supported by the substantial evidence in its possession.

**<u>Summary of Defendants' Review of Ms. Ehlert's Claim.</u>**

41.  Ms. Ehlert has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

42.  Ms. Ehlert's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

43.  MetLife and its paper reviewers arbitrarily dismissed Ms. Ehlert's symptoms and functional limitations when they determined that Ms. Ehlert was not disabled.

44.  MetLife failed to have Ms. Ehlert's claim assessed by a medical provider with the appropriate credentials to evaluate her eligibility for benefits as required by ERISA's implementing regulations.

7

45.   MetLife failed to address or evaluate the clinical findings of Ms. Ehlert's treating and evaluating physicians regarding Ms. Ehlert's symptoms, restrictions, functional limitations, and disability.

46.   MetLife failed to conduct a reasonable vocational review of Ms. Ehlert's ability to perform the duties of her occupation as a consulting actuary, as required by the terms of the Plan.

47.   MetLife failed to meet the minimum requirements for the denial of Ms. Ehlert's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

48.   MetLife failed to meet the Plan requirements for review of claims that have been denied.

49.   MetLife failed to provide Ms. Ehlert with a full and fair review of her claim for LTD benefits.

50.   MetLife failed to respond to Ms. Ehlert's attempts to engage in a meaningful dialogue regarding the evaluation of her claim.

51.   Any discretion to which the Defendants may claim they are entitled under the Plan is negated by their failure to provide Ms. Ehlert with an explanation as to their adverse action as proscribed by ERISA and its implementing regulations.

52.   MetLife failed to meet the notice requirements required by ERISA's implementing regulations. In particular, MetLife's adverse determination letters failed to articulate the basis for the decision to deny benefits, failed to contain a full discussion of why Ms. Ehlert's claim was denied, and failed to detail the standards behind the decision.

53.     MetLife failed to disclose any internal guidance available to claims representatives in evaluating Ms. Ehlert's claims despite Ms. Ehlert's request for this information, and despite ERISA's implementing regulations' requirement to disclose this information.

54.     The decision to deny Ms. Ehlert's LTD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

55.     MetLife was influenced by its financial conflict of interest, as both the administrator of the Plan and the payor of benefits thereunder, when it denied Ms. Ehlert's LTD benefits and failed to provide her with the full and fair review of her claim as required by law.

56.     Due to the unlawful denial of benefits under ERISA, Ms. Ehlert has lost her rightful LTD benefits as well as her Employee Benefits.

57.     Due to the unlawful denial of benefits under ERISA, Ms. Ehlert has also lost the use of her LTD benefits and Employee Benefits.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

58.     Ms. Ehlert realleges each of the paragraphs above as if fully set forth herein.

59.     The Plan is a contract.

60.     Ms. Ehlert has performed all of her obligations under the contract.

61.     29 U.S.C. § 1132(a) states that:

        (a)  A civil action may be brought ---

        1.      by a participant or beneficiary –

                A.  for the relief provided for in subsection (c) of this section, or

      B.  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

62.    MetLife's actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

63.    MetLife unlawfully denied Ms. Ehlert's LTD benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Ms. Ehlert's claim for LTD benefits; and (2) denying Ms. Ehlert a full and fair review of its decision to deny her claims for benefits.

64.    In accordance with 29 U.S.C. §1132, Ms. Ehlert is entitled to LTD benefits under the terms of the Plan based upon her disabled status from December 24, 2015, through the present, and continuing until she is no longer disabled.

65.    The Defendants have refused to provide Ms. Ehlert with her disability benefits and Employee Benefits and are, therefore, in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

66.    As a direct and proximate result of this breach, Ms. Ehlert has lost the principal and the use of her rightful disability benefits.

67.    As a direct, proximate and foreseeable result of this breach, Ms. Ehlert has also lost the Towers' Employee Benefits to which she is entitled as a result of her disabled status under the terms of the Plan.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

68.   Ms. Ehlert realleges each of the paragraphs above as if fully set forth herein.

69.   Under the standards applicable to ERISA, Ms. Ehlert deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

70.   Defendants have the ability to satisfy the award.

71.   Ms. Ehlert's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

72.   The Defendants have acted in bad faith in denying Ms. Ehlert's disability benefits under the Plan.

73.   The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)   Declare, adjudge, and decree that Ms. Ehlert is entitled to disability benefits as calculated under the terms of the Plan;

(2)   Award Ms. Ehlert disability benefits and interest from the dates of the Defendants' breaches of contract;

(3)   Reinstate Ms. Ehlert's employment as a result of her eligibility for LTD benefits;

(4)   Declare, adjudge, and decree Ms. Ehlert is entitled to the Employee Benefits to which she is entitled as a disabled individual under the terms of the Plan;

(5)   Order Defendants to reinstate Ms. Ehlert's Employee Benefits;

(6)     Order that the Defendants make restitution to Ms. Ehlert in the amount of all losses

        sustained by Ms. Ehlert as a result of the wrongful conduct alleged herein, together

        with prejudgment interest;

(7)     Award Ms. Ehlert the costs of this action and reasonable attorneys' fees; and

(8)     Award such other relief as the court deems just and reasonable.


Date:   July 12, 2018                     Respectfully submitted for the Plaintiff,



                            By:     /s/ Mala M. Rafik_____
                                    Mala M. Rafik
                                    BBO No. 638075
                                    ROSENFELD & RAFIK, P.C.
                                    184 High Street, Suite 503
                                    Boston, MA 02110
                                    T: 617-723-7470, ext. 205
                                    F: 617-227-2843
                                    E: mmr@rosenfeld.com


## CERTIFICATION OF SERVICE

        I hereby certify that on March 1, 2016, a copy of the foregoing First Amended Complaint
was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of
this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system
or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic
Filing.  Parties may access this filing through the Court's CM/ECF System.

                                    /s/Mala M Rafik_____
                                    Mala M. Rafik, BBO No. 638075